IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD GREENSPAN, as Administrator of the ESTATE OF RUTH J. GREENSPAN, deceased<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC, PLATINUM HEALTH AT WESTGATE, LLC, d/b/a, WESTGATE HILLS REHABILITATION AND NURSING CENTER, APEX GLOBAL SOLUTIONS, LLC, APEX HEALTHCARE PARTNERS, LLC, VINTAGE HEALTHCARE, LLC, PLATINUM PA HOLDINGS, LLC, 2050 OLD WEST CHESTER PIKE, LLC, AND JACOB KARMEL<br><br>Defendants. | CIVIL ACTION<br><br>NO: 2:20-cv-05874-JDW |

**DEFENDANT PLATINUM HEALTH AT WESTGATE'S MEMORANDUM OF LAW IN SUPPORT OF AFFIRMATIVE DEFENSES**

Defendant, Platinum Health at Westgate, LLC, (improperly named Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center), in accordance with this Honorable Court's February 23, 2021 Order (ECF NO. 17), submits the following Memorandum of Law in Support of its Affirmative Defenses.

**I.   INTRODUCTION**

At issue is Defendant's inclusion of twenty-four affirmative defenses in its Answer with Affirmative Defenses filed on February 22, 2021. Defendant respectfully submits that the Affirmative Defenses should not be stricken because of the circumstances and severe time constraints with the filing and avoidance of default. Moreover, and in accordance with existing case law, the Affirmative Defenses are properly plead as the defenses are in response to the

26658089v.1

Plaintiff's Complaint and provide the requisite notice to Plaintiff of the existence of the issues for trial with respect to Plaintiff's claims.

By way of background, Defendants learned of this lawsuit on February 10, 2021, when Plaintiff's counsel contacted the undersigned counsel to notify him of the lawsuit and impending default judgment. See February 10, 2021 Email, Exh. A, attached hereto. Through conducting a docket search, Plaintiff's counsel learned that the undersigned counsel represented the same facility in professional liability cases pending in Pennsylvania state court. That same day, the undersigned counsel immediately contacted the potential insurer for Defendants to alert it of the existence of the lawsuit and threat of default judgment. Between the dates of February 16, 2021 and February 18, 2021, the undersigned had several communications with Plaintiff's counsel regarding the status of assignment of representation. Id. Even as of February 19, 2021, it was still uncertain. Id. On Sunday, February 21, 2021, the undersigned wrote to Plaintiff's counsel to advise that by the close of business tomorrow, February 22, 2021, he would be entering an appearance and filing an answer with affirmative defenses on behalf of the following named defendants:

- Platinum Health at Westgate, LLC (improperly named Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center);
- Vintage Healthcare PA LLC (improperly named Vintage Healthcare, LLC);
- Platinum PA Holdings LLC;
- 2050 Old West Chester Pike, LLC; and
- Jacob Karmel.

Id. Furthermore, the undersigned counsel advised that it appears that Platinum Healthcare Group LLC is not a named insured, but he was not sure if he may ultimately enter a courtesy defense for that defendant. Id. The undersigned counsel was certain that he would not be representing the APEX defendants and so advised. Id.

On February 23, 2021, the undersigned counsel filed an Answer with Affirmative Defenses. At that time, Defendants had no opportunity through counsel to investigate the claims

before filing the responsive pleading and avoiding a default judgment.[1] This Honorable Court's January 28, 2021 Notice, see Dkt. No. 10, required Plaintiff to request an entry of default by February 22, 2021 against all the named defendants or the Court could enter an order dismissing the case against all the defendants for lack of prosecution. Id. In an effort to comply with the undersigned's obligations under Fed. R. Civ. P. 11 and protect the client's interests, the undersigned asserted twenty-four affirmative defenses, all of which related to the claims raised by Plaintiff in the Complaint and authorized by Fed. R. Civ. P. 8(c). Further, in drafting the affirmative defenses, the undersigned attempted in good faith to limit the defenses to those, which, based on his experience in representing similarly situated healthcare providers, apply to professional liability/senior care cases and often arise from the information developed in discovery.

Finally, while the Court's February 24, 2021 Order provides Defendant with an opportunity to file an Amended Answer withdrawing certain affirmative defenses, the undersigned counsel and Defendants are not in a position to know which defenses ultimately may not apply given the lack of opportunity to fully investigate and the absence of any discovery; nor can they reasonably expect to be make this determination in the immediate future. It is also important to note the impact of the COVID-19 pandemic as well. For all of us, it is a different world right now because of the COVID-19 pandemic.[2] For the legal community, it has forced the suspension of in-person depositions, court appearance and trials. For the healthcare community and the front line personnel who are widely recognized to be heroes, the pandemic has required the dedication of resources to

---

[1] For example, with regard to subject matter jurisdiction, the undersigned has not had any opportunity to investigate the citizenship of each Defendant LLC's members. At this time, the undersigned cannot confirm if jurisdiction is proper on the basis of diversity of citizenship.

[2] On March 11, 2020, COVID-19 was classified by WHO as a "pandemic" which represents its significant global presence and the extraordinarily high proportion of people at risk of infection. The senior living communities have been particularly affected. In response, the Secretary of the Department of Health and Human Services also issued a Declaration under the Public Readiness and Emergency Preparedness Act (PREP Act) (42 U.S.C.A. §247d et. seq.), effective February 4, 2020, which applies to these providers.

26658089v.1

protecting patients and the healthcare workers. The pandemic also impacts on the ability to investigate the claims as well because of quarantine and isolation protocols.

For these reasons, the undersigned's actions in filing the pleading was reasonable under the circumstances, and Plaintiff is not prejudiced by a lack of notice. It would be unfair and severely prejudicial to strike Defendant's Affirmative Defenses given the circumstance of the pandemic and manner of assignment, and severe time constraints with the filing and avoidance of default. The pleading is also in accordance with the requirements of Fed. R. Civ. P. 8(c). Accordingly, Defendant respectfully requests that this Honorable Court allow the Affirmative Defenses to stand.

## II. ARGUMENT

### A. The Undersigned Did Not Violate Rule 11(b)

The Third Circuit Court of Appeals cautions that Rule 11 sanctions are warranted "only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (internal citations omitted); see also Zelma v. Penn LLC, No. 19-8725, 2020 U.S. Dist. LEXIS 9615, at *4-6 (D.N.J. 2020) (internal citations omitted). "A district court must look objectively as to whether the imposition of sanctions would be reasonable under the circumstances." Barley v. Fox Chase Cancer Ctr., 54 F. Supp. 3d 396, 401 (E.D. Pa. 2014). Reasonableness is defined as "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." Ford Motor Co. v. Summit Motor Prods., 930 F.2d 277, 289 (3d Cir. 1991) (citing Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1359 (3d Cir. 1990)). Further, in deciding a Rule 11 motion, "[a]ny doubt . . . should be

-4-

26658089v.1

resolved in favor of the party charged with the violation." Zelma, No. 19-8725, 2020 U.S. Dist. LEXIS 9615, at *6 (internal citations omitted).

The Federal Rules of Civil Procedure 11(b) provide, in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). In determining whether a document was submitted in violation of Rule 11, the court is "expected to avoid the wisdom of hindsight and should test the signer's conduct by [asking] what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Ellis v. Beemiller, Inc., 287 F.R.D. 326, 329 (W.D. Pa. 2012) (citing CTC Imports & Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 578 (3d Cir. 1991)). Factors a court should consider when evaluating whether an investigation was sufficient include: "how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar." Fed. R. Civ. P. 11, advisory committee notes (1983); Ellis, 287 F.R.D. at 329.

26658089v.1

Here, the affirmative defenses asserted in the answer are (1) not made for an improper purpose; (2) are warranted based on the existing law; (3) the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are reasonably based on belief or a lack of information. Moreover, because of the manner of assignment, the undersigned had limited time to investigate and respond to Plaintiff's Complaint and the pleading was filed knowing his client's faced a default judgment. Any investigation will be impacted by COVID-19 pandemic as well. The undersigned counsel has represented healthcare providers and senior living communities for more than twenty-five years in practice. The Affirmative Defenses are based on counsel's experience with other similar matters and the good faith belief the defenses will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The defenses are based on the claims asserted in the Complaint and based on a plausible view of the law.[3]

**B.      Defendant's Affirmative Defenses Are Sufficient and Should Not Be Struck**

Defendant's Affirmative Defenses provide Plaintiff with notice of the existing issues for trial. In Tyco Fire Products LP v. Victaulic Company, 777 F. Supp.2d 893 (E.D. Pa. 2011), this Court held that the heightened pleading standard under Twombly and Iqbal did not apply to affirmative defenses. In Tyco Fire Products LP, Judge Robreno noted the differences between the text and purpose of Federal Rule of Civil Procedure 8(a), which applies to pleading claims in complaints, and Rule 8(c), which applies to affirmative defenses, and concluded that Twombly and Iqbal did not apply to affirmative defenses. Id. at 900; see also Charleswell v. Chase Manhattan Bank, N.A., No. 01-119, 2009 U.S. Dist. LEXIS 116358, at *12-13 (D.V.I. 2009)(concluding that

---

[3] The undersigned counsel has also filed the same or similar Affirmative Defenses in similar prior matters in the U.S. District Court for the Eastern District of Pennsylvania without issue or concern raised by the Court or any party.

the pleading standards articulated in Twombly and Iqbal did not extend to affirmative defenses and Rule 8(c) did not require a defendant to "'show' any facts at all.").

Judge Robreno further cited as an example the "undetailed recitations of affirmative defenses" provided in Form 30, which is referred to by Federal Rule of Civil Procedure Rule 84, as proof that the pleading standard for affirmative defenses "is not an exacting standard even remotely approaching the type of notice required of a claim under Twombly and Iqbal." Tyco Fire Products LP, 777 F. Supp.2d at 900. Instead, all that is required with respect to affirmative defenses is that:

> the requisite notice is provided where the affirmative defense in question alerts the adversary to the existence of the issue for trial. Providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses. Thus, the Court will only strike defenses challenged on sufficiency grounds if they do not meet this low standard.

Id. at 901 (citations and parentheticals omitted). Judge Robreno further stated:

> The architecture of Rule 8 confirms this approach. Rule 8 provides that a party must merely state, not show, an affirmative defense. Compare Fed.R.Civ.P. 8(a) with Fed.R.Civ.P. 8(c). And while there is a need for a more factual understanding of a claim as to permit the formulation of a response, a party served with an affirmative defense is generally not required or permitted to file any responsive pleading at all. See Fed.R.Civ.P. 7(a). The need for notice of an affirmative defense is therefore diminished considerably.

Id. Further, requiring more than "awareness of the issue's existence imposes an unreasonable burden on defendants who risk the prospect of waiving a defense at trial by failing to plead it, e.g., Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1076 (10th Cir. 2009), and have a short amount of time to develop the facts necessary to do so, see Fed. R. Civ. P. 12(a)(1) (providing 21 days for a defendant to answer a complaint)." Id.

Here, Defendant's Affirmative Defenses provide Plaintiff with notice of the issues involved as they relate to the claims raised by Plaintiff in the Complaint and authorized by Fed. R. Civ. P. 8(c). Plaintiff cannot be prejudiced for a lack of notice, and this Honorable Court should not strike all of the affirmative defenses.

## III. **RELIEF**

The undersigned counsel strives to adhere to the highest ethical standards. This is the first time in nearly (27) twenty-seven years of practice[4] that there has ever been a question raised about the propriety of the undersigned's actions as an attorney or any pleading or filing signed by him. The inclusion of the Affirmative Defenses was done in good faith, for a proper purpose, and with every effort to protect the interests of his clients. For all the foregoing reasons, Defendant, Platinum Health at Westgate, LLC (improperly named Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center), respectfully requests this Honorable Court not to strike the Affirmative Defenses and allow the pleading to stand.

WHITE AND WILLIAMS LLP

BY: _____
Kevin C. Cottone, Esquire
Atusa Shirasb, Esquire
Attorney ID Nos. 72775 and 323643
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
215.864.7108/6399
cottonek@whiteandwilliams.com
shirasba@whiteandwilliams.com
*Attorneys for Defendants, Platinum Health at Westgate, LLC (improperly named Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation*

---

[4] The undersigned received his Pennsylvania license in 1994 and is AV Preeminent rated by Martindalle. https://www.martindale.com/attorney/kevin-charles-cottone-1549754/

26658089v.1

*and Nursing Center), Vintage Healthcare PA LLC (improperly named Vintage Healthcare, LLC), Platinum PA Holdings LLC, 2050 Old West Chester Pike, LLC, and Jacob Karmel*