**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSLVANIA**

|  |  |
|---|---|
| **DONALD GREENSPAN**, as Administrator of the ESTATE OF RUTH J. GREENSPAN, deceased,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>**PLATINUM HEALTHCARE GROUP, LLC, et al.**<br>　　　*Defendants*. | Case No. 2:20-cv-05874-JDW |

## <u>MEMORANDUM</u>

All too often, the Court reviews answers littered with affirmative defenses unmoored from the facts of the case. When the Court confronts lawyers about these offending filings, the lawyers say, almost universally, that they asserted affirmative defenses prophylactically in order to avoid a waiver. That answer has superficial appeal. After all, what lawyer wouldn't want to be diligent and preserve all possible defenses for his client? But dig even a little bit deeper, and the answer reveals a serious problem: the Federal Rules of Civil Procedure do not allow for that approach. Instead, Rule 11 demands a lawyer have a good faith basis that there is evidentiary support for every assertion in a pleading. That requirement applies to affirmative defenses just like other assertions in a pleading. When lawyers ignore that obligation, they violate Rule 11.

This is one such case. But unlike most of the cases before the Court, Defendants Platinum Health at Westgate, LLC, Vintage Healthcare PA LLC, Platinum PA Holdings

LLC, 2050 Old West Chester Pike, LLC, and Jacob Karmel (collectively, "Platinum Health") have doubled down on their approach, claiming that because they engaged their counsel late, he did not have to have factual support for the affirmative defenses that he asserted on their behalf. Their claim flies in the face of Rule 11. The Court will therefore impose sanctions under Rule 11 by striking the affirmative defenses from their answer.

## I.   BACKGROUND

On November 23, 2020, Donald Greenspan, acting as the Administrator of the Estate of Ruth Greenspan, filed a complaint against Platinum Health, among others. The Complaint asserts that Ruth Greenspan suffered a fall while residing at a Platinum Health facility because Platinum Health provided negligent care and caused Ms. Greenspan's death. According to the docket, Mr. Greenspan served Platinum Health on December 7, 2020, making the answer due on December 28, 2020. Platinum Healthcare did not answer on the required date. On January 28, 2021, the Court issued an Order informing Plaintiff that if he did not seek a default by February 22, 2021, the Court would dismiss the case for failure to prosecute.

On February 22, 2021, Platinum Health filed an answer that includes 25 affirmative defenses. The defenses include lack of personal jurisdiction, lack of subject matter jurisdiction, Plaintiff's execution of a jury waiver or an arbitration agreement, comparative or contributory negligence, assumption of risk, the statute of limitations, *res judicata* or collateral estoppel, and accord and satisfaction. The answer also denies the allegations of citizenship and claims that defendants do not know their own states of citizenship.

Upon review of the answer, it appeared to the Court that Platinum Health asserted many of the defenses on a prophylactic basis, rather than because it had a good faith basis to assert them. So, the Court issued an Order directing Platinum Health either to (a) file an amended Answer, asserting only those defenses for which it had a good faith basis, or (b) file a Memorandum explaining why the Court should not strike its Answer for violating Fed. R. Civ. P. 11(b). (The Court's Order did not address the denials of citizenship, but the issue might arise in the future if Platinum Health does not address it.) Platinum Health chose to defend its Answer rather than amend.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 11 provides that an attorney who submits a "pleading, written motion, and other paper" to a court "certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "claims defenses and other legal contentions are warranted by existing law" and that the "factual contentions have evidentiary support . . . ." Fed. R. Civ P. 11(b)(2), (3). A court may sanction an attorney who violates this rule, including on the court's own initiative, after giving the person subject to sanctions notice and a reasonable opportunity to respond. *See* Fed. R. Civ. P. 11(c)(1), (3). To determine whether conduct is reasonable under the circumstances, the court considers whether the attorney had objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact. *See Ford Motor Co. v. Summit Motor Prods.*, 930 F.3d 277, 289 (3d Cir. 1991); *Brice v. Hoffert*, Case No. 5:15-cv-4020, 2019 WL 3712013, at * 2 (E.D. Pa. Aug. 7, 2019). A

court should apply sanctions only in the exceptional circumstance where a claim or motion is "patently unmeritorious or frivolous." *Ario v. Underwriting Members of Syndicate 53*, 857 F.2d 191, 194 (3d Cir. 1988).

## III.   ANALYSIS

### A.   Whether Sanctions Are Appropriate

Platinum Health's assertion of affirmative defenses in its answer violated Rule 11. The answer is a pleading, so Rule 11 applies to all assertions in it. Yet Platinum Health did not assert its affirmative defenses because it had a good faith basis to claim that they have evidentiary support. To the contrary, it asserts many of its affirmative defenses conditionally, often with the predicate "[t]o the extent that discovery and/or investigation may reveal." (*E.g.*, ECF No. 14 at Aff. Def. Nos. 3-6, 12-14, 17-19, 21.) On its face, that language indicates that Platinum Health did not know if the evidence supported the assertion of an affirmative defense. But Platinum Health asserted those defenses anyway. Platinum Health also asserted a statute of limitations defense even though Ms. Greenspan died in January 2019, Mr. Greenspan filed this case in November 2020, and the statute of limitations for wrongful death claims is two years.

In its Memorandum, Platinum Health confirms that it did not have a good faith basis to assert that the evidence supports its affirmative defenses. Instead of asserting affirmative defenses based on facts that it knew to support those defenses, Platinum Health's counsel asserted defenses "which, based on his experience in representing similarly situated healthcare providers, apply to professional liability/senior care cases and often arise from the information developed in discovery." (ECF No. 20 at 3; *see also id.* at 5 ("the factual contentions will **likely** have evidentiary support after a

4

reasonable opportunity for further investigation or discovery" (emphasis added)).) But Rule 11 does not permit counsel to assert defenses that might apply based on experience in a particular field.  It only allows affirmative defenses that the evidence supports **in this case**.

Platinum Health tries to justify its Answer by pointing out that its counsel learned of the case 12 days before filing the Answer. Platinum Health seems to suggest that its counsel's investigation was reasonable, given that short time frame. And he might be right. But it doesn't matter. Rule 11(b)(3) requires that factual contentions have evidentiary support or that they will likely have such support. In situations where a lawyer only has a short time to investigate, the Rule allows for some factual imprecision. However, a short time to investigate does not obviate the requirement that a lawyer have a good faith basis to contend that there is an evidentiary basis for each affirmative defense that is in an answer. Platinum Health did not comply with that requirement.

Consider the inverse situation. A client arrives at a lawyer's office, says he wants to bring a lawsuit, but the statute of limitations will expire that day. The lawyer has to prepare something to preserve the client's claims and might not have time to do a lengthy investigation. But the short time frame does not excuse the plaintiff's lawyer from limiting the complaint to claims for which he knows there is an evidentiary basis. He cannot just throw in a burdensome claim such as RICO or conspiracy, without a basis. If he did and stood by those claims, the defendant and its counsel would complain mightily, and with good cause. Those standards are a two-way street.

The assertion of prophylactic affirmative defenses is not harmless. It expands discovery in the case and makes it harder to get cases to resolution. A plaintiff's lawyer faced with a multitude of prophylactic affirmative defenses has to serve interrogatories to ferret out the factual basis for each defense. If there is not such a basis, the plaintiff's counsel either has to file a motion or persuade defense counsel to withdraw that defense. All for a defense that should not have been in the case in the first place. Permitting such a practice would not help "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It would do just the opposite by adding to the proceedings.

Defense lawyers might ask, "What are we to do?" In every case, defense lawyers worry about waiving affirmative defenses that they do not assert. And in a case like this, where a defense counsel faces a time crunch of his client's making, the lawyer might feel extra-wary about making a mistake and waiving a defense. But lawyers have several options that allow them to comply with Rule 11 and still do their duty to their clients. If circumstances prevent defense counsel from conducting a full investigation, he can ask for a brief extension. Lawyers should, and generally will, grant such courtesy to their opposing counsel. Absent such courtesy, a request to the Court can almost always secure a two-week extension to get up to speed. Alternatively, a defendant can file an answer with no affirmative defenses (or only the ones that the lawyer knows apply). For the next 21 days, the client can file an amended answer as of right. *See* Fed. R. Civ. P. 15(a)(1)(A). Even after that, Rule 15 mandates that courts "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). So even if the lawyer cannot get an extension, he has options that will permit him to

6

investigate over the next couple weeks and then assert affirmative defenses that comply with Rule 11. Given these alternatives, the answer is never to file an answer—or any other pleading—without a factual basis.

**B.    What Sanctions Are Appropriate**

The sanctions that a court imposes "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include nonmonetary directives." Fed. R. Civ. P. 11(c)(4). Platinum Health has already had to respond to the Court's show-cause order by filing a Memorandum. And, this Memorandum will now be public record for counsel in this case and in future cases to use as a guide in pleading affirmative defenses. Under the circumstances, the Court concludes that the appropriate sanction is to strike Platinum Health's affirmative defenses. But the Court will do so without prejudice. If Platinum Health has a good faith basis to assert any affirmative defense, it may seek to assert them by filing an appropriate motion to amend its answer.

## IV.    CONCLUSION

Pleadings are not an opportunity for lawyers to throw things against the wall and see what sticks. Rule 11 requires lawyers to give some thought to the assertions that they include in pleadings before they file them. Platinum Health and its counsel did not do that here. The Court therefore imposes sanctions and strikes Platinum Health's affirmative defenses. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

March 16, 2021

7