**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD GREENSPAN, as Administrator of the ESTATE OF RUTH J. GREENSPAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a, WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; and JACOB KARMEL,<br><br>Answering Defendants. | Case No. 2:20-cv-05874-JDW<br><br>DEFENDANTS', APEX GLOBAL SOLUTIONS LLC AND APEX HEALTHCARE PARTNERS LLC, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 |

**DEFENDANTS', APEX GLOBAL SOLUTIONS LLC AND APEX HEALTHCARE PARTNERS LLC, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

COMES NOW Defendants, Apex Global Solutions LLC and Apex Healthcare Partners LLC (hereinafter "these Defendants"), by and through their attorneys, and hereby files this Motion for Summary Judgment pursuant to Fed. R. Civ. P. Rule 56, and aver in support thereof as follows:

## I. FACTS OF CASE

1. This case arises out of Ruth J. Greenspan's residency at Platinum Health at Westgate, LLC. ("Westgate"). Plaintiff alleges that Defendants were negligent in the care provided to Ms. Greenspan and that Ms. Greenspan suffered injuries, including falls, infection, and death on January 3, 2019, as a result.

2. The Plaintiff's Complaint alleges nursing home professional negligence, wrongful death and survival claims as to all Defendants based on the care and treatment provided to Ms. Greenspan during her residency at Westgate.

3. Defendant, Apex Healthcare Partners is a company that provides back office and purchasing services to healthcare facilities. Defendant, Apex Healthcare Partners markets its services through Apex Global Solutions. (Ex. B - Karmel Deposition at 12-17).

4. Defendant, Apex Global Solutions is a company that contracts with nursing facilities and private vendors to coordinate financial services, billing, collections, and bookkeeping services. (Ex. B - Karmel Deposition 12-17).

5. Defendant, Apex Global Solutions contracted with Westgate facility to provide various financial and back office services through its subcontractors. (Ex. B - Karmel Deposition at 59, 75-6).

6. Defendant, Apex Global Solutions provided back office, purchasing, pharmacy cost containment, staffing solutions, PBJ, and billing and collections to the facility, through arrangements with other companies, including Defendant, Apex Healthcare Partners. (Ex. B - Karmel Deposition at 59).

7. Defendants timely filed an Answer and New Matter to Plaintiff's Complaint on or about March 30, 2021.

8. During discovery, Defendant, Apex Global Solutions provided the Service Agreement it had with Westgate effective September 1, 2017. (Ex. A – Service Agreement) Defendant, Apex Healthcare Partners has no agreement with Westgate. (Ex. B -Karmel Deposition at 74-5).

9. The Service Agreement between Westgate (in the Agreement, "Company") the operator of the skilled nursing facility, and Defendant, Apex Global Solutions (in the Service Agreement, "Service Provider"), noted the following:

a. "Service Provider is offering to assist the Company in a number of tasks, and Company desires to accept and pay for this assistance;" p. 1, Exhibit A.

b. "By entering into this Agreement, the parties do not intend for Service Provider to have a 'duty' to act in any manner with regard to patients or residents and/or persons working at the Facility. All such duties relating to patients and residents of the Facility shall remain that of the Company…" ¶1.3, Exhibit A.

c. "Service Provider *shall not* have any responsibility for: (1) Allocation of funds for resident care; (2) Creation of an operating budget for the Facility; and, (3) Anything else not expressly included herein." ¶2.2, Exhibit A (emphasis added).

d. "In taking any action pursuant to this Agreement, Accountant will be acting only as limited agent for Operator. Nothing in this Agreement shall be construed as creating a partnership or any other relationship between the parties hereto, except that of principal and limited agent." ¶2.3, Exhibit A.

e. "This Agreement does not make any of the parties the employee, general agent, legal representative, partner, joint venturer, subsidiary or affiliate of the other party for any purpose whatsoever, and there are no third party beneficiaries of this Agreement, and none of the Parties shall imply third party that any such relationship exists amount the Parties or with respect to any third party. None of the Parties is granted any right or authority to assume or to create any obligation or responsibility, express or implied, on behalf of or in the name of the other party except as expressly set forth herein. In fulfilling its obligations pursuant to this Agreement each party shall be acting as an independent contractor." ¶10, Exhibit A.

f. "Company hereby engages Service Provider to provide the services selected below: billing and collections, back office, staffing solutions, purchasing, pharmacy cost containment, PBJ." Schedule 1, "List of Services," Exhibit A.

10. Thus, pursuant to the Service Agreement, Defendant, Apex Global Solutions only provided limited services to Westgate (through its subcontractors). It did not create operating budgets or deal with funds for resident care; and it had no duty with respect to patients and

residents of the facility. Moreover, it was not a joint venturer or affiliate of Westgate. Furthermore, as established through the deposition testimony, Defendant, Apex Global Solutions did not actually perform the services itself – instead it provided the services through its subcontractors, including Defendant, Apex Healthcare Solutions. (Ex. B - Karmel Deposition at 36).

11. The deposition of Jacob Karmel, CEO of Defendant, Apex Global Solutions was conducted on July 13, 2021. In the deposition, Mr. Karmel explained the relationship between Defendant, Apex Global Services and Defendant, Apex Healthcare Partners and described the services they provided to Westgate. See also, ¶¶3-5, *supra*; (Ex. B - Karmel Deposition).

12. Mr. Karmel testified that Defendant, Apex Healthcare Partners provided the back office and purchasing services to the Westgate facility. (Ex. B - Karmel Deposition at 36-7). It had no role in selecting the Administrator or Director of Nursing and performed no services on site at the facility. (Ex. B - Karmel Deposition at 47, 50-1).

13. The deposition of Shloime Silbiger, CFO of Defendant, Apex Healthcare Partners was taken on October 4, 2021. (Ex. C – Silbiger Deposition)

14. Mr. Silbiger testified similarly to Mr. Karmel that Defendant, Apex Healthcare Partners provided back office and purchasing services to Westgate through Defendant, Apex Healthcare Partner's association with Defendant, Apex Global Solutions. (Ex. C - Silbiger Deposition at 25:22-25; 26:1-6).

15. The back office services provided included accounts payable, treasury services and accounting. (Ex. C - Silbiger Deposition 26:13-17).

16. These Defendants never provided care to any resident. Nor were they at any time

involved in the management, operation, or ownership of Westgate. (Ex. B - Karmel Deposition); (Ex C - Silbiger Deposition).

17. In its Answer to Plaintiff's Complaint, Defendants asserted that they "are not proper parties to this action as they did not operate, manage, own, or license the subject nursing facility, nor were they involved in its day-to-day operations or resident care." (ECF Dkt. No. 35, ¶122, Defendants' Answer and New Matter)

18. There have been numerous documents and depositions provided to the Plaintiff in discovery regarding Defendant, Apex Global Solutions and Defendant, Apex Healthcare Partner's involvement in the facility. All evidence establishes unequivocally that these Defendants were never involved in day-to-day operations at Westgate.

19. Also, there has been no testimony indicating that Defendant, Apex Global Solutions or Defendant, Apex Healthcare Partners committed any errors or omissions with respect to the services they provided. Their only involvement with the facility was for the aforementioned services.

## II. LEGAL ARGUMENT

20. Pursuant to the Federal Rules of Civil Procedure 56, at any time until thirty (30) days after the close of all discovery, any party may move for Summary Judgment as a matter of law if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

21. To show that a fact cannot be genuinely disputed, a party may show that "an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

22. The elements of cause of action for negligence are well-established: the existence

of a duty or obligation recognized by law, the failure on the part of the Defendant to conform to that duty or breach, and a causal connection between the breach and resulting injuries as well as actual loss, Actovitz v. Gulth Mills Tennis Club Inc., 812 A.2d1218 (2002).

23. Here, there has been no testimony or any evidence produced which would show that Defendant, Apex Global Solutions or Defendant, Apex Healthcare Partners had any involvement in the day-to-day care of any residents at Westgate, or that they operated or managed the facility. In addition, there has been no indication that these Defendants ever provided services to Ms. Greenspan.

24. As these Defendants provided no care or services to Ms. Greenspan, there was no existence of a duty or obligation recognized by law regarding Defendant, Apex Global Solutions or Defendant, Apex Healthcare Partners. Therefore, the Plaintiff is unable to establish the first element of an action of negligence.

25. In addition, because there was no duty or obligation recognized by law, these Defendants were clearly incapable of failing to conform to any duty. Moreover, there is no causal connection between a breach of any duty for the same reason. Because there was no breach, there can be no proximate cause linking Defendant, Apex Global Solutions or Defendant, Apex Healthcare Partners to any injuries.

26. As the Plaintiff has been unable to establish through discovery that these Defendants owed a duty to Ms. Greenspan, Defendants submit that Summary Judgment should be entered in favor of Defendant, Apex Global Solutions and Defendant, Apex Healthcare Partners and all claims against these Defendants should be dismissed with prejudice.

27. The Summary Judgment should be granted because Defendant, Apex Global Solutions and Defendant, Apex Healthcare Partners provided no care and treatment to the resident, and was not involved in the day-to-day operations of the skilled nursing facility.

WHEREFORE, Defendants, Apex Global Solutions LLC and Apex Healthcare Partners LLC, respectfully request that this Honorable Court grant this Motion for Summary Judgment and enter the accompanying Proposed Order.

Respectfully Submitted,

**THE LAW OFFICE OF JONATHAN D. LEVITAN, LLC**

Date: October 29, 2021

*/s/ Jonathan D. Levitan*
Jonathan D. Levitan, Esquire
Attorney I.D. No.: 53098
430 Williams Road
Wynnewood, PA 19096
Phone: (484) 413-2935
Email: jonathan@jdlevitanlaw.com

**HUMPHREY LAW GROUP**

*/s/ Mark A. Humphrey*
Mark A. Humphrey, Esquire
P.O. Box 915079
Longwood, FL 32791
Phone: (407) 907-0317
Fax: (321) 985-0231
mark@humphreylawgrouppa.com

*/s/ K. Scott Jonesy*
K. Scott Jones, Esquire
P.O. Box 915079
Longwood, FL 32791
Phone: (407) 907-0317

Fax: (321) 985-0231
scott@humphreylawgrouppa.com

*Attorneys for Defendants,*
*Apex Global Solutions, LLC and*
*Apex Healthcare Partners, LLC*

TO: ALL COUNSEL OF RECORD VIA ECF