IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD GREENSPAN, as Administrator of the ESTATE OF RUTH J. GREENSPAN, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a, WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; and JACOB KARMEL,<br><br>    Answering Defendants. | Case No. 2:20-cv-05874-JDW<br><br>DEFENDANTS', APEX GLOBAL SOLUTIONS LLC AND APEX HEALTHCARE PARTNERS LLC, MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 |

**DEFENDANTS, APEX GLOBAL SOLUTIONS LLC AND APEX HEALTHCARE PARTNERS LLC'S, MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

THE LAW OFFICE OF JONATHAN D. LEVITAN, LLC
Jonathan D. Levitan, Esquire
Jonathan D. Levitan, LLC
430 Williams Road
Wynnewood, PA  19096
(484) 413-2935

*Attorney for Defendants*
*Apex Healthcare Partners LLC and Apex Global Solutions LLC*

1

# Table of Contents

Table of Contents………………………………………………………………………………..i

Table of Authorities…....………………………………………..………………………..ii

Introduction…………………………………………………………………………………iii

Preliminary Statement……………………………………………………………………iii

Statement of Case and Facts……………………………………………………………1

Argument……………………………………………………………………………….4

    I.      The Court must dismiss Plaintiff's case against these Defendants because there is no genuine dispute as to any material fact that Plaintiff has failed to establish the elements of a cause of action against these Defendants………………………….

Conclusion…………………………………………………………………………...…8

# Table of Authorities

CASES

Actovitz v. Gulth Mills Tennis Club Inc.,
812 A.2d1218 (2002)……………………………………………………………………...5

Althaus v. Cohen,
562 Pa. 547, 756 A.2d 1166, 1169 (2000)……………………………………….…6, 7

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)………………………………5

Scampone v. Highland Park Care Center, LLC,
57 A.3d 582, 600 (Pa. 2012)…………………………………………………………….6-8

STATUTES

Fed. R. Civ. P. 56(a)………………………………………………………………………5

Fed. R. Civ. P. 56(c)(1)(B)……………………………………………………………..5, 7

**INTRODUCTION**

Defendants, Apex Global Solutions LLC and Apex Healthcare Partners LLC, respectfully submit this Memorandum of Law in support of their Motion for Summary Judgment seeking the dismissal of all counts against these Defendants on the grounds that there is no genuine dispute as to any material fact that Plaintiff has failed to establish the elements of a cause of action against these Defendants; thus Defendants are entitled to judgment as a matter of law.

**PRELIMINARY STATEMENT**

Defendants, Apex Global Solutions LLC and Apex Healthcare Partners LLC, may be referred to as "Defendants" or "these Defendants."

References to deposition testimony will be with a parenthetical including the last name of the party who gave testimony, followed by the word, "deposition," and the page number and line (if applicable) of the cited testimony. E.g. (Ex. C - Silbiger Deposition 26:13-17).

References to other evidence with include the paragraph or page number followed by the Exhibit number and the ECF docket number where applicable. E.g. ¶1.3, Exhibit A - ECF Dkt. No. 4.

## STATEMENT OF CASE AND FACTS

This case arises out of Ruth J. Greenspan's residency at Platinum Health at Westgate, LLC. ("Westgate"). Plaintiff alleges that Defendants were negligent in the care provided to Ms. Greenspan and that Ms. Greenspan suffered injuries, including falls, infection, and death on January 3, 2019, as a result.

The Plaintiff's Complaint alleges nursing home professional negligence, wrongful death and survival claims as to all Defendants based on the care and treatment provided to Ms. Greenspan during her residency at Westgate. (See Complaint – ECF Dkt. No. 11)

Defendant, Apex Healthcare Partners is a company that provides back office and purchasing services to healthcare facilities. Defendant, Apex Healthcare Partners markets its services through Defendant, Apex Global Solutions. (Ex. B - Karmel Deposition at 12-17).

Defendant, Apex Global Solutions is a company that contracts with nursing facilities and private vendors to coordinate financial services, billing, collections, and bookkeeping services. (Ex. B - Karmel Deposition at 12-17).

Defendant, Apex Global Solutions contracted with Westgate facility to provide various financial and back office services through its subcontractors. (Ex. B - Karmel Deposition at 59, 75-6).

Defendant, Apex Global Solutions provided back office, purchasing, pharmacy cost containment, staffing solutions, PBJ,[1] and billing and collections to the facility, through arrangements with other companies, including Defendant, Apex Healthcare Partners. (Ex. B - Karmel Deposition, 59).

---

1 Per Jacob Karmel, PBJ is "a filing that you file with a government entity about payroll-related hours and dollars." (Ex. B - Karmel Deposition at 59:13-16)

1

Defendants timely filed an Answer and New Matter to Plaintiff's Complaint. Defendant's Answer and New Matter to Plaintiff's Complaint. (See Answer and New Matter to Plaintiff's Complaint – ECF Dkt. No. 11)

During discovery, Defendant, Apex Global Solutions provided the Service Agreement it had with Westgate effective September 1, 2017. (Ex. A – Service Agreement) Defendant, Apex Healthcare Partners has no agreement with Westgate. (Ex. B - Karmel Deposition at 74-5).

The Agreement between Westgate (in the Agreement, "Company") the operator of the skilled nursing facility, and Defendant, Apex Global Solutions (in the Agreement, "Service Provider"), noted the following:

   a. "Service Provider is offering to assist the Company in a number of tasks, and Company desires to accept and pay for this assistance;" p. 1, Exhibit A.

   b. "By entering into this Agreement, the parties do not intend for Service Provider to have a 'duty' to act in any manner with regard to patients or residents and/or persons working at the Facility. All such duties relating to patients and residents of the Facility shall remain that of the Company…" ¶1.3, Exhibit A.

   c. "Service Provider *shall not* have any responsibility for: (1) Allocation of funds for resident care; (2) Creation of an operating budget for the Facility; and, (3) Anything else not expressly included herein." ¶2.2, Exhibit A (emphasis added).

   d. "In taking any action pursuant to this Agreement, Accountant will be acting only as limited agent for Operator. Nothing in this Agreement shall be construed as creating a partnership or any other relationship between the parties hereto, except that of principal and limited agent." ¶2.3, Exhibit A.

   e. "This Agreement does not make any of the parties the employee, general agent, legal representative, partner, joint venturer, subsidiary or affiliate of the other party for any purpose whatsoever, and there are no third party beneficiaries of this Agreement, and none of the Parties shall imply third party that any such relationship exists amount the Parties or with respect to any third party. None of the Parties is granted any right or authority to assume or to create any obligation or responsibility, express or implied, on behalf of or in the name of the other party except as expressly set forth herein. In fulfilling its obligations pursuant to this Agreement each party

> shall be acting as an independent contractor." ¶10, Exhibit A.

> f. "Company hereby engages Service Provider to provide the services selected below: billing and collections, back office, staffing solutions, purchasing, pharmacy cost containment, PBJ." Schedule 1, "List of Services," Exhibit A.

Thus, pursuant to the agreement, Defendant, Apex Global Solutions only provided limited services to Westgate (through its subcontractors). It did not create operating budgets or deal with funds for resident care; and it had no duty with respect to patients and residents of the facility. Moreover, it was not a joint venturer or affiliate of Westgate. Furthermore, as established through the deposition testimony, Defendant, Apex Global Solutions did not actually perform the services itself – instead it provided the services through its subcontractors, including Defendant, Apex Healthcare Solutions. (Ex. B - Karmel Deposition at 36).

The deposition of Jacob Karmel, CEO of Apex Global Solutions, LLC was conducted on July 13, 2021. In the deposition, Mr. Karmel explained the relationship between Defendant, Apex Global Services and Defendant, Apex Healthcare Partners and described the services they provided to Westgate. See also, ¶¶3-5, *supra*; (Karmel Deposition, 1-89).

Mr. Karmel testified that Defendant, Apex Healthcare Partners provided the back office and purchasing services to the Westgate facility. (Ex. B - Karmel Deposition at 36-7). It had no role in selecting the Administrator or Director of nursing and performed no services on site at the facility. (Ex. B - Karmel Deposition, 47, 50-1).

The deposition of Scloime Silberger, CFO of Apex Healthcare Partners, was taken on October 4, 2021.

Mr. Silberger testified similarly to Mr. Karmel that Defendant, Apex Healthcare Partners provided back office and purchasing services to Westgate through Defendant, Apex Healthcare

Partner's association with Defendant, Apex Global Solutions. (Ex. C - Silbiger Deposition at 25:22-25; 26:1-6).

The back office services provided included accounts payable, treasury services and accounting. (Ex. C - Silbiger Deposition 26:13-17).

These Defendants never provided care to any resident. Nor were they at any time involved in the management, operation, or ownership of Westgate. (Ex. B - Karmel Deposition, 1-89); (Ex. C - Silbiger Deposition, 1-53).

In its Answer to Plaintiff's Complaint, Defendants asserted that they "are not proper parties to this action as they did not operate, manage, own, or license the subject nursing facility, nor were they involved in its day-to-day operations or resident care." (ECF Dkt. No. 35, ¶122)

There have been numerous documents and depositions provided to the Plaintiff in discovery regarding Defendants', Apex Global Solutions and Apex Healthcare Partners involvement in the facility. All evidence establishes unequivocally that these Defendants were never involved in day-to-day operations at Westgate.

Also, there has been no testimony indicating that Defendants, Apex Global Solutions or Apex Healthcare Partners, committed any errors or omissions with respect to the services they provided. Their only involvement with the facility was for the aforementioned services.

## ARGUMENT

I. **The Court must dismiss this action against these Defendants as there is no genuine dispute as to any material fact that Plaintiff has failed to establish the elements of a cause of action against these Defendants**

The Court must dismiss this action against these Defendants as Plaintiff cannot establish any genuine dispute as to any material fact that would be necessary to support a cause of action

for negligence against these Defendants.

Pursuant to the Federal Rules of Civil Procedure 56, at any time until thirty (30) days after the close of all discovery, any party may move for Summary Judgment as a matter of law if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A dispute is genuine if a reasonable factfinder could return a verdict for the non-moving party based on the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary Judgment must be granted where the record evidence is insufficient for a reasonable factfinder to find for the non-moving party. Id. at 252, 106 S.Ct. 2505. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the non-movant. Id. Furthermore, to show that a fact cannot be genuinely disputed, a party may show that "an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

The elements of cause of action for negligence are well-established: the existence of a duty or obligation recognized by law, the failure on the part of the Defendant to conform to that duty or breach, and a causal connection between the breach and resulting injuries as well as actual loss, Actovitz v. Gulth Mills Tennis Club Inc., 812 A.2d 1218 (2002).

Here, there has been no testimony or any evidence produced which would show that Defendants, Apex Global Solutions or Apex Healthcare Partners, had any involvement in the day-to-day care of any residents at Westgate, or that they operated or managed the facility. In addition, there has been no indication that these Defendants ever provided any care, treatment, or services

to Ms. Greenspan.

Moreover, as set forth in the Statement of Case and Facts, above, the evidence establishes unequivocally that the Defendant Apex Global Solutions provided back office, purchasing, pharmacy cost containment, staffing solutions, PBJ, and billing and collections to the facility, through arrangements with other companies, including Defendant Apex Healthcare Partners. They did not provide these services directly. Further, the evidence establishes unequivocally that the Defendant, Apex Healthcare Partners only provided the back office and purchasing services to the facility. Plaintiff has shown no record evidence to the contrary.

As these Defendants provided no care or services to Ms. Greenspan and were not involved in the day-to-day operations or management of the facility, there was no existence of a duty or obligation recognized by law regarding these Defendants. Therefore, the Plaintiff is unable to establish the first element of an action of negligence.

In addition, because there was no duty or obligation recognized by law, these Defendants were clearly incapable of failing to conform to any duty. Moreover, there is no causal connection between a breach of any duty for the same reason. Because there was no breach, there can be no proximate cause linking Defendants, Apex Global Solutions or Apex Healthcare Partners to any injuries.

Further, a theory of corporate negligence does not save Plaintiff's claim. Plaintiff has failed to produce any evidence showing that these Defendants owe any duty under a claim for corporate negligence, as set forth in <u>Scampone v. Highland Park Care Center, LLC</u>, 618 Pa. 363, 57 A.3d 582 (2012) and <u>Althaus v. Cohen,</u> 562 Pa. 547, 756 A.2d 1166, 1169 (2000). These Defendants were not involved in the day-to-day operations of the facility and provided limited

services to the facility unrelated to its management or patient care.

Plaintiff may allege that the case of Scampone v. Highland Park Care Center, LLC, 618 Pa. 363, 57 A.3d 582 (2012) stands for the proposition that corporate affiliates of nursing homes have direct liability; and hence, these Defendants have direct liability.

However, Plaintiff has failed to produce any evidence to establish a duty as required by Althaus v. Cohen, which states:

> We have said that, to determine whether a defendant owes a plaintiff a duty of care, this Court must consider several factors: '(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

Scampone v. Highland Park Care Center, LLC, 57 A.3d 582, 600 (Pa. 2012) (citing Althaus v. Cohen, 562 Pa. 547, 756 A.2d 1166, 1169 (2000)).

Furthermore, Scampone stands for the proposition that where duties of care exist, an entity *may* be liable for corporate negligence in certain instances only:

> The proper question here is whether the Scampone estate offered sufficient evidence of the relationship with Highland Park, and separately with Grane Healthcare, to establish that duties of care exist, by application of Section 323 of the Restatement or by application of the Althaus factors. The inquiry is individual to each appellant, although the duties of appellants may be similar. This type of individualized inquiry into appellants' duties of care ensures that multiple entities are not exposed to liability for breach of the same non-delegable duties.

Scampone v. Highland Park Care Center, LLC, 57 A.3d 582, 606-7 (Pa. 2012). As stated above, part of the reason it is so important for Plaintiff to establish that duties existed for each individual named Defendant is so that multiple entities are not exposed to liability for the same breach. Plaintiff has wholly failed to do that here.

Additionally, the Scampone court remanded the case to the trial court and held:

7

> The trial court's initial task upon remand is to determine, consistent with this Opinion, whether the two appellants, Highland Park and Grane Healthcare, owed Ms. Scampone legal duties or obligations and to articulate any specific duties that it may find. Whether a trial is then to follow will depend upon the outcome of that inquiry

Id. at 607.

Here, these Defendants owed Plaintiff no duty. The deposition testimony establishes unequivocally that they were not the owners, managers, or licensees of the facility, were not involved in Ms. Greenspan's care or treatment, and were not involved in the day-to-day operations of the facility.

Altogether, Defendants, Apex Global Solutions and Apex Healthcare Partners, provided no care and treatment to the resident and were not involved in the day-to-day operations or management of the skilled nursing facility.

Thus, Plaintiff has not and cannot show any record evidence that would establish a genuine dispute of any material fact establishing the elements of negligence against these Defendants. See Fed. R. Civ. P. 56(c)(1)(B). Therefore, Summary Judgment should be entered and these Defendants should be dismissed from the cause of action.

## **CONCLUSION**

Based upon the foregoing, Defendants, Apex Global Solutions, LLC and Apex Healthcare Partners, LLC respectfully request that this Court grant summary judgment and enter an order dismissing with prejudice Plaintiff's claims against these Defendants.

Respectfully Submitted,

**THE LAW OFFICE OF JONATHAN D. LEVITAN, LLC**

Date: October 29, 2021

*/s/ Jonathan D. Levitan*
Jonathan D. Levitan, Esquire
Attorney I.D. No.: 53098
430 Williams Road
Wynnewood, PA 19096
Phone: (484) 413-2935
Email: jonathan@jdlevitanlaw.com

**HUMPHREY LAW GROUP**

*/s/ Mark A. Humphrey*
Mark A. Humphrey, Esquire
P.O. Box 915079
Longwood, FL 32791
Phone: (407) 907-0317
Fax: (321) 985-0231
mark@humphreylawgrouppa.com

*/s/ K. Scott Jonesy*
K. Scott Jones, Esquire
P.O. Box 915079
Longwood, FL 32791
Phone: (407) 907-0317
Fax: (321) 985-0231
scott@humphreylawgrouppa.com

*Attorneys for Defendants,*
*Apex Global Solutions, LLC and*
*Apex Healthcare Partners, LLC*

TO: ALL COUNSEL OF RECORD VIA ECF