# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD GREENSPAN, as Administrator of the ESTATE OF RUTH J. GREENSPAN, deceased<br><br>Plaintiff,<br><br>-vs-<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC ; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; and JACOB KARMEL,<br><br>Defendants. | Civil Action No. 2:20-cv-05874 |

## PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL ACTIONS

AND NOW comes Plaintiff / Movant, Donald Greenspan, as Administrator of the Estate of Ruth J. Greenspan, deceased, by and through his counsel, Murray, Stone & Wilson, PLLC, to file the following "Plaintiff's Motion for Settlement of Wrongful Death and Survival Actions", and in support thereof, respectfully represents:

### BACKGROUND

1.  Ruth J. Greenspan, an adult individual, was a resident at the skilled nursing facility commonly known as Westgate Hills Rehabilitation and Nursing Center (hereinafter "the Facility" or "Westgate").

2. On January 3, 2019, Ruth J. Greenspan died intestate while domiciled in the Commonwealth of Pennsylvania, specifically Delaware County. She was 101 years old at the time of her death.

3. On March 5, 2020, Plaintiff / Movant Donald Greenspan, decedent's son, was duly qualified as Administrator of the Estate of his mother, Ruth J. Greenspan, by the Register of Wills of Delaware County, Pennsylvania. A copy of the Short Certificate is attached hereto as Exhibit "1".

4. Movant engaged the services of Murray, Stone & Wilson, PLLC ("Counsel") to pursue a civil action regarding the circumstances surrounding the injuries and death of his mother, Ruth J. Greenspan. A copy of the Fee Contract is attached as Exhibit "2".

5. A medical professional liability action was filed in the United States District Court for the Eastern District of Pennsylvania on behalf of Ruth J. Greenspan for her injuries and death. The lawsuit included causes of action for negligence (including negligence *per se*), survival (pursuant to 42 Pa.C.S. §8302) and wrongful death (pursuant to 42 Pa.C.S. §8301). It is alleged that while in the care of Defendants, Ruth J. Greenspan suffered numerous illnesses and injuries, including: falls, fall-related trauma, compound fractures in both of her legs, delay in treatment of her fractures, urinary tract infections, sepsis, pain mismanagement, custodial neglect, and ultimately, death. A copy of the Complaint is attached hereto as Exhibit "3".

6. All Defendants contested and denied any liability and causation in the case.

<u>HEIRS AND CLAIMS</u>

7. Ruth J. Greenspan was widowed at the time of her death (Nathan Greenspan, deceased; Year of Death: 1991). Ruth J. Greenspan was survived by her two children: Plaintiff / Movant Donald Greenspan (adult son); and Judith Fahy (adult daughter).

8. Pursuant to 42 Pa.C.S. §8301(b), the following persons are entitled to share in the proceeds of the **wrongful death claim**: Plaintiff / Movant Donald Greenspan (adult son); and Judith Fahy (adult daughter).[1]

9. The Estate of Ruth J. Greenspan, deceased, will receive the proceeds of the **survivorship claims**, ultimately to be distributed in accordance with the laws of Intestate Succession, 20 Pa.C.S. §2101, *et seq*.

## SETTLEMENT

10. Movant has reached agreement with Defendants to settle the claims against them in the action, subject to this court's approval pursuant to 20 Pa.C.S.A. §3323(b).

11. The following settlement has been proposed: in exchange for a release, the Defendants will pay the total amount of $300,000.00 within thirty (30) days of this Honorable Court's approval of the settlement.

12. This is a full and final settlement that will end this lawsuit.

## LIENS AND CREDITORS

13. The Estate of Ruth J. Greenspan, deceased, was advertised in both The Delaware County Daily Times and the Delaware County Legal Journal in March and April 2020. Proofs of Publication are attached hereto as Exhibit "4".

14. The names and status of payment of all liens and estate creditors are as follows:

   a. <u>Lien: Pennsylvania Department of Human Services – Third Party Liability</u>. Medicaid / PA Department of Human Services was contacted to determine

---

[1] A Wrongful Death action exists only for the benefit of the spouse, children or parents of the deceased. *See* 42 Pa.C.S. §8301(b). The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth. *Id.*

whether they have a third-party liability lien for this incident. By letter dated December 27, 2021, DHS advised they have no medical and/or cash assistance claim for this incident. A Copy of the Medicaid Lien letter is attached as Exhibit "5."

      b.    <u>Lien: Medicare</u>. It is currently estimated that $15,000.00 may be due as reimbursement to Medicare for their lien. A copy of the current estimate is attached as Exhibit "6." Following approval of this settlement, negotiations will occur with the lien holder to determine the final lien amount. The above amount is subject to change, as negotiations with the lien holder have not yet been concluded. The funds to pay the lien will be sent to the lien holder by Murray, Stone & Wilson, PLLC. If negotiations result in an amount less than the above-mentioned amount, after any subsequent costs are paid, the savings will be divided equally between the wrongful death and survival claims.

      c.    <u>Estate Claim: Pennsylvania Department of Human Services / Medicaid</u>. It is currently estimated that $448,288.87 may be due as reimbursement to Medicaid / PA Department of Human Services for their estate claim. Following approval of this settlement, negotiations will occur with the claim holder to determine the final claim amount to be repaid. The above amount is subject to change, as negotiations with the claim holder have not yet been concluded. The claim will be paid by the Estate of Ruth J. Greenspan, and the funds will be sent to the claim holder by SkarlatosZonarich LLC. If negotiations result in an amount less than the above-mentioned amount, the savings will remain in the Estate of Ruth J. Greenspan and will be distributed to the Estate's heirs after payment of taxes, expenses of estate administration, creditors, etc. A copy of the April 22, 2020, estate claim letter is attached hereto as Exhibit "7". A copy of this

Motion has been served on the assigned Medicaid Claims Investigation Agent, Doreen M. Miller, evidenced by the attached certificate of service.

15. The Delaware County Register of Wills was contacted on December 8, 2021, and they represented that no claims have been filed against the Estate of Ruth J. Greenspan.

## COUNSEL FEES AND EXPENSES

16. Pursuant to the written Fee Contract between Movant and Counsel, Counsel requests a fee in the amount of $120,000.00 (40% of the gross amount recovered). *See* written Fee Contract attached as Exhibit "2."

17. Pursuant to the written Fee Contract between Movant and Counsel, Counsel seeks reimbursement for $25,320.36, which represents Counsel's expenses in pursing the litigation against Defendants. *See* Fee Contract attached as Exhibit "2". An itemized statement of Counsel's expenses for which reimbursement is sought is attached hereto as Exhibit "8".

## PROPOSED DISTRIBUTION AND ALLOCATION

18. After the above listed disbursements for counsel fees, expenses, estimated Medicare lien, $139,679.64 will be left of the settlement proceeds.

19. Movant requests allocation of the settlement proceeds as follows:

| Category | Percent |
| --- | --- |
| Wrongful Death Claim | 50% |
| Survival Claim | 50% |

20. The reasons for the requested allocation are as follows:

a. The amount allocated to the Estate for settlement of the Survival claims is sufficient to compensate the Decedent's Estate for the injuries she sustained, as described above.

    b.  The amount allocated to the wrongful death beneficiaries for settlement of their <u>Wrongful Death claims</u> is sufficient to compensate the wrongful death beneficiaries for the damages they sustained as a result of the loss of their mother.  By way of further explanation, and due to the wrongful death of Ruth J. Greenspan, the wrongful death beneficiaries have suffered a pecuniary loss of the value of her services; namely, the services of society, companionship and comfort.  Moreover, the claims of the wrongful death beneficiaries are without liability to the creditors of the Estate of Ruth J. Greenspan.  *See* e.g. 42 Pa.C.S. §8301(b).[2]

## CONCURRENCES

21. Counsel for Movant is of the professional opinion that due to the uncertainties of litigation; the proposed settlement is reasonable and is in the best interests of the Estate and wrongful death beneficiaries.  The basis for Counsel's opinion is that Defendants have denied any wrongdoing about the care they provided to the Decedent, and the proposed settlement allows this case to be resolved without incurring the expense and delay of continued litigation and a jury trial, with uncertain outcome.

22. Movant Donald Greenspan, as Administrator of the Estate of Ruth J. Greenspan, deceased, concurs in the proposed settlement and distribution.  His consent is attached.

23. A true and correct copy of this Motion was provided to the Pennsylvania Department of Revenue.  Upon approval, counsel will praecipe to attach the same and they subsequently authorized the wrongful death and survival allocation proposed herein.  Attached

---

[2] The damages recoverable shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth.  42 Pa.C.S. §8301(b).

hereto as Exhibit "10" is the letter of authorization from the Pennsylvania Department of Revenue.

## CONCLUSION

24. No hearing is requested.

25. Movant Donald Greenspan, as Administrator of the Estate of Ruth J. Greenspan, deceased will file a Pennsylvania Inheritance Tax Return for the proceeds of the survival action and will pay the liens and claims as aforesaid.

WHEREFORE, Plaintiff / Movant Donald Greenspan, as Administrator of the Estate of Ruth J. Greenspan, deceased, requests that an order be entered approving the proposed settlement and authorizing him to make disbursements pursuant to the Motion and to execute all necessary releases, endorse all checks and to make appropriate distribution.

Respectfully submitted,

**MURRAY, STONE & WILSON, PLLC**

DATED: December 29, 2021   BY:   */s/ Matthew T. Stone*
Matthew T. Stone, Esquire
PA Attorney ID No. 206409

One Belmont Avenue, Suite 310
Bala Cynwyd, Pennsylvania 19004
Phone: (215) 947-5300
Email: mstone@mswlawgroup.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

                                                  **MURRAY, STONE & WILSON, PLLC**
                                                  *Attorneys for Plaintiff*

DATED: December 29, 2021            BY:   */s/ Matthew T. Stone*
                                                                   Matthew T. Stone, Esquire

# VERIFICATION

I, Donald Greenspan, as Administrator of the Estate of Ruth J. Greenspan, deceased, hereby certify that the facts set forth in the following Motion are based upon information which I have furnished to counsel, as well as upon information which has been gathered by counsel and/or others acting on my behalf in this matter. The language in the Motion is that of counsel and not my own. I have read the Motion, and to the extent it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Motion is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Motion are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: 12/7/21

Donald Greenspan, Administrator of
the Estate of Ruth J. Greenspan,
deceased

{S0657937.1}